*If this opinion indicates that it is "FOR PUBLICATION," it is subject to*

*revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FIELDS, Minors.

UNPUBLISHED
August 29, 2025
9:33 AM

No. 370646
Wayne Circuit Court
Family Division
LC No. 2023-000855-NA

Before: GARRETT, P.J., and RICK and FEENEY, JJ.

PER CURIAM.

Petitioner, the Department of Health and Human Services (DHHS), appeals as of right an order denying termination of respondent-father's parental rights to his minor children, EF, IF, and AF. We vacate and remand.

## I. FACTUAL BACKGROUND

At the initiation of these proceedings, father and nonrespondent mother, who is GS's aunt, were married and living together with the children. GS, who was 16 years old at the time, was also living in the home part-time to attend school. GS disclosed to her aunt that she was sexually assaulted by father on the morning of January 13, 2023. GS's aunt thereafter brought her to file a police report. The assault was reported to Children's Protective Services (CPS).

CPS workers interviewed GS, who reported that she was asleep on an air mattress in the living room of the home when she awoke to father "rubbing her butt while he was touching his penis." GS could hear father masturbating and pretended she was still asleep. GS heard father get up, walk into the bathroom, and wash his hands. GS was later forensically interviewed and clarified that she awoke to father standing over her, and "heard the motion sound with lotion of him 'jacking off' and him breathing hard, moaning, and screaming, while he touched her butt in a

-1-

soft manner and while he touched his penis." GS reported that she urinated on herself during the incident because she was afraid.

CPS workers spoke with father, who denied the allegations, but admitted that he was a registered sex offender. Specifically, father was convicted of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (person under 13) in 1993, and convicted of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (person under 13) in 1995. Father reported that his CSC-I conviction stemmed from the sexual assault of his ex-girlfriend's 11-year-old daughter, which resulted in her pregnancy. Father was sentenced to 20 to 40 years' imprisonment for this conviction.[1] Once the allegations from GS came about, a safety plan was implemented regarding the children, which required father to vacate the home.

DHHS filed a petition for termination of father's parental rights at the initial dispositional hearing, alleging that father was noncompliant with his sex offender registration requirements and that the children were at risk of sexual abuse by remaining in the home. The petition also indicated that a criminal investigation into GS's allegations against father was pending at the time. DHHS requested that the trial court: (1) authorize the petition; (2) exercise jurisdiction under MCL 712A.2(b)(1) and (2); (3) place the children with their mother; (4) remove father from the home; and (5) terminate father's parental rights under MCL 712A.19(b)(3)(g)(failure to provide proper care and custody), (j)(reasonable likelihood the child will be harmed if returned to the parent), and (k)(*ix*)(the parent sexually abused the child or sibling and there is a reasonable likelihood the child will be harmed if returned to the parent).

The trial court held a pretrial hearing, where it discussed the process of terminating parental rights and scheduled a bench trial regarding the petition. At the outset of the bench trial, the court admitted a certified copy of father's prior CSC convictions. GS and father were the only individuals to testify at the trial. GS testified that she stopped going to school after the incident because she felt depressed, upset, scared, terrified, and confused. GS previously considered father her "real uncle," stating he bought her clothes and was there for her to talk to. GS agreed with father's counsel that father seemed appropriate with his children and was bonded with them.

Father testified that he was compliant with his sex offender registration requirements. He alleged GS assaulted him "a few" times, and told the trial court he and GS "have never seen eye to eye," describing their relationship as "a rocky road." Father did not make a police report but asserted that his wife, GS's aunt, knew about the assaults. Father explained he was against GS living with them, but he had "to be the bigger person for the greater good," because GS was having trouble and could not attend her local school. Father and GS's aunt were in the process of divorcing because of GS's allegations. Father told the trial court he was "a great uncle, a great father," and explained he understood the responsibility of being a parent was "to foster discipline, bring resilience, and protect them at all cost[s]." Father expressed his desire to be a part of the children's lives, arguing he "worked hard to have a family" and to "re-enter society as a returned citizen" after his incarceration.

---

[1] No further information regarding father's CSC-II conviction is available in the record.

After the close of proofs, the trial court heard oral arguments and made factual findings. The trial court found GS's testimony credible, explaining her reaction to the sexual assault was "precisely" what the trial court expected. The court further stated:

I've been here 21 years. I've seen a lot of people accused of sexual abuse. And I've seen . . . an abundance of reactions from them. Some of them were so mad they couldn't see straight, red in the face. Others, rather calm like [father]. My guess is if I had these kinds of allegations, I'd be red in the face and outraged and extremely angry. But people's reactions differ.

The burden of proof to find our taking jurisdiction is just a preponderance, and I think by a little bit more of the preponderance of the evidence, I believe that there's substantial risk of harm.

The question of grounds for termination though, this is a substantially higher burden of proof. Having been here 21 years, I am allowed my opinion, but I usually keep my mouth shut about 'em [sic]. Jurisdiction, maybe burden of proof is a little low. Maybe it's high for grounds to terminate. The burden of proof for grounds to terminate are clear and convincing. And for non-lawyers, about the best definition I can give to them, is it's somewhere in between the preponderance standard and the criminal standard beyond a reasonable doubt.

The Court of Appeals likes to use a definition. It's four or five lines I think which means nothing to non-lawyers. But they've helped me a lot in close cases. And reading from a Court of Appeals decision, clear and convincing evidence is evidence which produces in the mind of the trier of fact the firm belief or conviction as to the truth of the allegation sought to be established, evidence so clear, direct, and weighty and convincing, as to enable the fact finder to come to a clear conviction without hesitancy of the truth of the precise facts in issue.

And I find any of the grounds in MCL712[A].19b, subsection 3 by those grounds. Now, having made that finding, permanent custody is dismissed.[2] Having dismissed permanent custody, I'm supposed to have a temporary custody disposition. I think it'll help me to order a Clinic for Child Study, or Assured Family Services Evaluation as to a treatment plan.

Following the hearing, the trial court entered an order in which it stated: "The court finds by a preponderance of evidence according to MCL 712A.2(b) in regards to [respondent], that there

---

[2] The record is devoid of any explanation regarding why the trial court dismissed the permanent custody petition, i.e., DHHS's request for the trial court to determine whether clear and convincing evidence existed to establish at least one statutory ground for termination under MCL 712A.19b(3). This decision to not evaluate the statutory grounds set forth in MCL 712A.19b(3)(g), (j), or (k)(*ix*) creates a vacuum where this Court can do nothing more than speculate regarding the trial court's rationale.

are grounds for juveniles to be temporary wards of the court according to MCL 712A.19b(3)[.]" This appeal followed.

## II. ANALYSIS

Petitioner argues that the trial court failed to comply with the requirements of MCR 3.977. We agree.

The interpretation and application of statutes and court rules are reviewed de novo. *In re Williams*, 333 Mich App 172, 178; 958 NW2d 629 (2020). This Court reviews for clear error a trial court's factual finding of whether statutory grounds exist for termination of a respondent's parental rights. *In re Atchley*, 341 Mich App 332, 343; 990 NW2d 685 (2022). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Miller*, 347 Mich App 420, 425; 15 NW3d 287 (2023) (citation omitted).

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020). Importantly, the clear and convincing evidence standard is "the most demanding standard applied in civil cases[.]" *Id.* (alteration in original; quotation marks and citation omitted).

> Evidence is clear and convincing if it produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. [*Id.* (citation omitted).]

In a termination proceeding, the trial court "shall state on the record or in writing its findings of fact and conclusions of law. Brief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1). If the trial court "finds that the parental rights of respondent should not be terminated, the court must make findings of facts and conclusions of law." MCR 3.977(I)(2). Additionally, "[a]n order terminating parental rights under the Juvenile Code may not be entered unless the court makes findings of fact, states its conclusions of law, and includes the statutory basis for the order." MCR 3.977(I)(3).

In this case, the trial court noted its extensive years of experience and gave an in-depth explanation of the standards of review applicable to child protective proceedings. It gave both a layman's description and a quotation from this Court to explain what "clear and convincing evidence" entails. However, the trial court never provided findings of fact and conclusions of law to support its decision to allow father to retain his parental rights. Likewise, although the trial court made a brief note about the accusations of sexual assault by GS, it never once mentioned father's children, EF, IF, and AF, who were named in the petition. The court then announced its decision to dismiss the petition for termination, apparently finding (without making findings) that there were no statutory grounds under MCL 712A.19b(3) to terminate father's parental rights. In the written order that followed the hearing, the trial court only stated that statutory grounds existed

for the court to exercise jurisdiction over the children. No further explanation of the decision to dismiss the petition for termination was included.

As earlier noted, MCR 3.977(I)(1) and (2) require the trial court to explain why the termination of parental rights is improper and to give "brief, definite, and pertinent findings" in support of that decision. While we do not expect or require the trial court to give a detailed explanation of its ruling, the trial court in this matter erred by failing to present *any* findings of fact or conclusions of law, either on the record or in writing, to support its determination. It appears that the trial court held the adjudicative hearing where GS and respondent testified and found the preponderance of the evidence to take jurisdiction of the three children, but it never moved to the dispositional phase of the initial hearing where it would accept evidence regarding whether one of the statutory grounds for termination existed; it simply dismissed the "permanent custody" request without explanation.

This same trial court made a similar error in a recently unpublished decision, *In re Zervos, Minors*, unpublished per curiam decision of the Court of Appeals, issued June 12, 2025 (Docket No. 369873), p 1-2. In *Zervos*, the trial court found jurisdiction at the combined adjudication and termination hearing but never made findings regarding statutory grounds under MCL 712A.19b(3); the court only stated "Now that the court has found jurisdiction, the next step is to look at best interests." *Id.* at 1. This Court correctly noted that "[e]ven when a court declines to terminate parental rights, it must 'state on the record or in writing its findings of fact and conclusions of law.' MCR 3.977(I)(1)-(2). Skipping the statutory-grounds analysis altogether was a clear procedural defect that warrants remand." *Id.*

Here, the trial court completely "skipped" the statutory-grounds analysis and the best interest analysis in violation of MCR 3.977(E) and (I). Clearly, "[i]f the court finds that the parental rights of respondent should not be terminated, the court *must* make findings of fact and conclusions of law." MCR 3.977(I)(2) (emphasis added). Where termination is sought at the initial adjudication, the sequence of events flows as follows: (1) adjudication, where the rules of evidence apply and the allegations in the petition must be proven by a preponderance of the evidence per MCR 3.972(C)(1); (2) disposition, where the rules of evidence do not apply and the court determines what measures it will take with respect to a child properly within its jurisdiction and against any adult when it determines that one or more of the statutory grounds alleged in the petition are true, per MCR 3.973(A); (3) when termination of parental rights are sought, the trial court is required to follow the explicit instructions in MCR 3.977(E):

> (E) Termination of Parental Rights at the Initial Disposition
>
> The court shall order termination of the parental rights of a respondent at the initial dispositional hearing held pursuant to MCR 3.973, and shall order that additional efforts for reunification of the child with the respondent shall not be made, if
>
>> (1) the original, or amended, petition contains a request for termination;
>>
>> (2) at the trial or plea proceedings, the trier of fact finds by a preponderance of the evidence that one or more of the grounds for

assumption of jurisdiction over the child under MCL 712A.2(b) have been established;

(3) at the initial disposition hearing, the court finds on the basis of clear and convincing legally admissible evidence that had been introduced at the trial or plea proceedings, or that is introduced at the dispositional hearing, that one or more facts alleged in the petition:

(a) are true, and

(b) establish grounds for termination of parental rights under MCL 712A.19b(3)(a), (b), (d), (e), (f), (g), (h), (i), (j), (k), (l), or (m);

(4) termination of parental rights is in the child's best interests.[3]

Because the trial court failed to follow the procedures set forth in MCR 3.977(E) and (I), we therefore vacate the trial court's order and remand for further proceedings. On remand, the trial court must "determine whether petitioner established a statutory ground for termination under MCL 712A.19b(3). If it finds such a ground, the court must then consider whether termination is in the best interests of the children." *Zervos*, unpub op at 1. If the court determines that the petitioner failed to establish a statutory ground for termination under MCL 712A.19b(3), it "shall state on the record or in writing its findings of fact and conclusions of law. Brief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCL 3.977(I)(1). "If the court finds that the parental rights of respondent should not be terminated, the court must make findings of fact and conclusions of law," i.e., provide factual findings and legal conclusions as to why respondent's parental rights should not be terminated. See MCR 3.977(I)(2).[4]

Vacated and remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Michelle M. Rick
/s/ Kathleen A. Feeney

---

[3] As noted in *In re Smith*, unpublished per curiam opinion of the Court of Appeals, issued June 6, 2025 (Docket No. 368911), p 4, the trial court must weigh all available evidence "considering a wide variety of factors" to determine whether termination is in the child's best interests, and placement with a relative is not determinative although it generally weighs against termination. See *In re Atchley*, 341 Mich App 332, 346-347; 990 NW2d 685 (2022).

[4] Because we hold that the trial court failed to make proper findings required by MCR 3.977, we decline to address whether statutory grounds existed to support the termination of father's parental rights.

# Court of Appeals, State of Michigan

# ORDER

IN RE FIELDS MINORS

Docket No.    370646

LC No.        2023-000855-NA

Kristina Robinson Garrett
Presiding Judge

Michelle M. Rick

Kathleen A. Feeney
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. We retain jurisdiction. After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 28 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded. As stated in the accompanying opinion, the trial court must determine whether statutory grounds for termination were established under MCL 712A.19b(3). If statutory grounds are established, the trial court must "state on the record or in writing its findings of fact and conclusions of law", MCR 3.977(I)(1), and determine whether termination is in the children's best interests. If statutory grounds are not established, the court must nevertheless set forth the findings of fact and conclusions of law supporting its ruling. MCR 3.977(I)(2). The proceedings on remand are limited to these issues.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

August 29, 2025
Date

Chief Clerk